UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV14-00814 JVS (JCGx)              Date  November 10, 2014

Title  Briana A. Keen v. Coral Reef Productions, Inc., et al

Present: The Honorable    James V. Selna

| Dwayne Roberts | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
| Jeffrey Wilens | Kenneth Walczak |

**Proceedings:** Defendants' Motion to Strike Class Claims (Fld 10-13-14)

Cause called and counsel make their appearances. Counsel argue. The Court GRANTS IN PART AND DENIES IN PART the motion and rules in accordance with the tentative ruling as follows:

This action arises out of Defendants' failure to refund the $495 membership fee paid by Plaintiff when she entered into an agreement with Defendant Coral Reef Productions, Inc. dba One Source Talent ("OST") to access information maintained by OST regarding nationwide castings and auditions. Currently before the Court is Defendants' Motion to Strike Class Claims. (Docket No. 16.) Timely Opposition and Reply briefs were filed. (Docket No. 17 & 19.)

As set forth below, the Court grants in part and denies in part the Motion to Strike Class Claims.

I.      Factual Allegations and Claims Asserted

On March 4, 2014, Plaintiff purchased a membership with OST, paying an initial fee of $495 and agreeing to make monthly payments of $39.95. (Compl. ¶ 32.)[1] She had second thoughts about her decision, and therefore she contacted Defendants and requested cancellation and a full refund. (¶¶ 33-34.) Defendants responded via email on March 26, 2014, agreeing to cancel the membership but refusing to refund Plaintiff's initial membership fee. (¶ 35.) The contract between the parties provided that Plaintiff

---

[1] Otherwise undesignated paragraph references are to the Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV14-00814 JVS (JCGx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | Briana A. Keen v. Coral Reef Productions, Inc., et al | | |

could cancel the agreement by written notice given within ten business days of the later of the contract date or the date Plaintiff began using the services under the contract. (¶ 41.)

Plaintiff Briana A. Keen filed the present action on April 14, 2014, in Orange County Superior Court. Pursuant to Class Action Fairness Act, Defendant OST and Defendant Anthony Toma, OST's owner and Chief Executive Officer, removed this action to this Court on May 27, 2014. See 28 U.S.C. § 1332(d). Plaintiff filed this action on behalf of a putative class defined as "[a]ll California residents who contracted with and paid money to Defendants for membership in [OST] on or after January 1, 2010." (¶ 6.)

Plaintiff asserts claims pursuant to (1) California's Fee-Related Talent Services Law ("FTSL"), Cal. Labor Code §§ 1700 et seq., and (2) California's Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code §§ 17200 et seq.

Pursuant to these claims, Plaintiff seeks monetary damages (trebled pursuant to statute), declaratory and injunctive relief, an accounting, rescission of the relevant contracts and/or restitution, as well as attorney fees, costs, and pre- and post-judgment interest.

II.     Legal Standard

Under Federal Rules of Civil Procedure 12(f), a court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Immaterial matters have "no essential or important relationship to the claim for relief." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 534 (1994).

Class allegations are generally not tested at the pleadings stage and instead are usually tested after one party has filed a motion for class certification. See, e.g., Thorpe v. Abbott Labs., Inc., 534 F.Supp.2d 1120, 1125 (N.D. Cal. 2008); In re Wal-Mart Stores, Inc. Wage & Hour Litig., 505 F.Supp.2d 609, 615 (N.D. Cal. 2007). However, as the Supreme Court has explained, "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV14-00814 JVS (JCGx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | Briana A. Keen v. Coral Reef Productions, Inc., et al | | |

(1982). Thus, a court may grant a motion to strike class allegations if it is clear from the complaint that the class claims cannot be maintained. See, e.g., Sanders v. Apple, Inc., 672 F.Supp.2d 978, 990-91 (N.D. Cal. 2009).

The granting of such motions is rare before class certification. See Cholakyan v. Mercedes-Benz USA, LLC, 796 F.Supp.2d 1220, 1245 (C.D. Cal. 2011). More often, courts conclude that preemptive motions to strike class allegations "are more properly decided on a motion for class certification, after the parties have had an opportunity to conduct class discovery and develop a record." Id. (internal quotation marks and citation omitted).

III. Discussion

The FTSL regulates talent services. See, e.g., Cal. Labor Code § 1703 (regulating contracts between "artists" and "talent service[s]"). For instance, contracts between artists and talent services must be "contained in a single document that includes [the statutorily required] elements." Cal. Labor Code § 1703(d). The statutorily required elements Plaintiff alleges were lacking are the requirement that the term of the contract not exceed one year and not be automatically renewable, and the requirement that the contract contain two disclaimers in boldface type near the artist's signature: first, that the contract is not a talent agency contract, and second, that the contract contain a specified notice regarding the ten-day right of cancellation. Cal. Labor Code § 1703(a)(5) & (f); (see ¶¶ 36-42).

Where a contract fails to comply with the statutory requirements, it is voidable by the artist. Cal. Labor Code § 1703(d) ("A contract subject to this section that does not comply with subdivisions (a) to (f), inclusive, is voidable at the election of the artist and may be canceled by the artist at any time without any penalty or obligation."). A voidable contract must be distinguished from a void contract. The latter describes a document that never became a contract while the former describes a valid and enforceable contract that may nevertheless be made ineffective—may be voided—by one or more party thereto. See Rosenthal v. Great Western Financial Securities Corp., 14 Cal.4th 394, 415 (1996).

Defendants make several arguments in support of their Motion to Strike the Class Claims. First, they argue that the putative class is overly broad and unascertainable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV14-00814 JVS (JCGx)  Date  November 10, 2014

Title  Briana A. Keen v. Coral Reef Productions, Inc., et al

(Motion at 7-9.) Relatedly, they argue that because a finding in favor of the class would result in voidable rather than universally void contracts, common issues do not predominate. (Motion at 5 & 9.) Next, they argue that Plaintiff is not an adequate representative. (Motion at 11-13.) Finally, they argue that Plaintiff may no longer pursue injunctive relief and that class certification on the basis of the injunctive relief sought is inappropriate. (Motion at 9-11.)

  A. <u>Ascertainability</u>

  Defendants argue that many putative class members were not harmed in that they are satisfied with their membership in OST, and these class members would likely not choose to void their contracts. (Motion at 7-9.) The Court agrees that given the number of putative class members, the class will encompass both satisfied and unsatisfied members. (<u>See</u> ¶ 7 (class membership estimated to exceed 500 persons).) Thus, it is not possible to ascertain which OST members should be included in the class.

  Other courts have stricken class allegations or refused to certify classes where the class includes both members who have been harmed and members who have not been harmed. <u>See, e.g.</u>, <u>Mazur v. eBay Inc.</u>, 257 F.R.D. 563, 567 (N.D. Cal. 2009) ("In addition, a class that includes those who have not been harmed is both imprecise and overbroad."); <u>Red v. Kraft Foods, Inc.</u>, No. CV 10-1028-GW AGRX, 2012 WL 8019257, at *4-5 (C.D. Cal. Apr. 12, 2012) (denying class certification and discussing difficulties in identifying class members through self-identification); <u>Minkler v. Kramer Labs., Inc.</u>, No. CV 12-9421-JFW FFMX, 2013 WL 3185552, at *3 (C.D. Cal. Mar. 1, 2013) (denying class certification where class included members who had already received refunds pursuant to defendant's money-back guarantee). Moreover, the one other case to consider the issue under the FTSL's predecessor statute[2] denied class certification based on the void/voidable distinction where the contracts at issue were "'voidable at the election' of a specified party." <u>DuFour v. Be LLC</u>, 291 F.R.D. 413, 420 (N.D. Cal. 2013).

  Plaintiff relies on <u>Leyva v. Medline Indus. Inc.</u>, 716 F.3d 510, 513-14 (9th Cir.

---

  [2] The predecessor statute was repealed modified, and reenacted in 2009, effective January 1, 2010, as sections 1701 to 1705.3.  <u>See</u> 2009 Cal. Legis. Serv. ch. 286 (A.B. 1319).  The phrase "voidable at the election of the artist" was unchanged.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV14-00814 JVS (JCGx)                    Date   November 10, 2014

Title     Briana A. Keen v. Coral Reef Productions, Inc., et al

2013), for the proposition that a class can be certified even though class members must step forward and make claims. (Opp'n at 5-6.) Leyva reaffirmed the rule that class certification should not be denied based upon the need to conduct individualized damages calculations. 716 F.3d at 513-14. However, here, because each class member is alleged to have paid an initial membership fee in the same amount, there are no individualized damages calculations; rather, this case presents an individualized assessment of whether each class member was damaged at all.

Thus, as to class claims for damages, the Court agrees that the class is overly broad and not ascertainable. Therefore, as to the claims for damages, the Court grants the Motion to Strike. Similarly, the Court grants the Motion as to the Plaintiff's restitution claim.

    B.    <u>Predominance</u>

The Court also agrees that the void/voidable distinction necessarily makes individualized issues predominate over common ones. The common issue of whether (and if so, how) OST's membership contract violates the FTSL is a relatively simple one when compared to the individualized issue of determining whether each class member has been damaged and wants to elect to void his or her contract. Thus, each class member would have to be found, notified of the relevant facts and options, and quizzed regarding whether he or she wanted to void each contract. In contrast, whether the relevant agreements comply with the FTSL is a straightforward question that may likely be determined by the Court from a review of those agreements.

Thus, as to class claims for damages, the Court agrees that the void/voidable distinction necessarily leads to the conclusion that individual issues will predominate over those common to the class. Therefore, as to the claims for damages, the Court grants the Motion to Strike.

    C.    <u>Adequacy</u> <u>of</u> <u>Representative</u>

The Court agrees with Plaintiff that a determination of whether Plaintiff is an adequate class representative cannot be made at the pleadings stage, and should not be made on the present record. (See Opp'n at 14-23.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV14-00814 JVS (JCGx) | Date | November 10, 2014 |
| Title | Briana A. Keen v. Coral Reef Productions, Inc., et al | | |

    D.    <u>Availability of Injunctive Relief</u>

    Defendants also contend that Rule 23(b)(2) class certification based on the claim for injunctive relief is likewise not warranted. They so argue for two reasons: First, because "[t]his case is about restitution damages, not injunctive relief," and second, because the claim for classwide injunctive relief is moot in light of changes made to OST's membership contract in order to more fully comply with the FTSL. (Motion at 9-11.)

    As to the first argument, the Court is inclined to agree that the request for injunctive relief is secondary to Plaintiff's request for monetary damages. Rule 23(b)(2) certification is available for monetary relief, if at all, only when such relief is incidental to the injunctive or declaratory relief sought. <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541, 2557 (2011). Nevertheless, this determination must be made taking into consideration Plaintiff's subjective intent, and thus the Court is not prepared make this determination at the pleadings stage. <u>See Ellis v. Costco Wholesale Corp.</u>, 657 F.3d 970, 986 (9th Cir. 2011).

    The second argument fails as well. Defendants base their argument that the request for injunctive relief is moot on Plaintiff's deposition testimony. (Motion at 11.) Specifically, Plaintiff testified regarding OST's new contractual language, and generally indicated her approval of certain changes made. (<u>Id.</u>) However, Plaintiff's testimony is not definitive on the issue of whether the revised contract fully complies with the FTSL.

    Therefore, with respect to the claims for injunctive and declaratory relief, the Court denies the Motion to Strike.

IV.    <u>Conclusion</u>

    For the reasons and in the manner set forth herein, the Court grants in part and denies in part the Motion to Strike Class Claims. Class claims related to monetary damages and/or restitution are hereby stricken. The Motion to Strike is denied as to the class claims for injunctive and declaratory relief.

    Plaintiff is granted fifteen days leave to replead the dismissed class claims. Defendants shall answer or otherwise respond no later than thirty days after the filing of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV14-00814 JVS (JCGx)      Date    November 10, 2014

Title      Briana A. Keen v. Coral Reef Productions, Inc., et al

the amended pleading.

       For good cause shown, and by agreement of the parties, the Court extends the deadline for the filing of a motion for class certification to February 2, 2015.

       **IT IS SO ORDERED.**

                                                                                            :    20

                                                  Initials of Preparer      dr