UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV14-00814 JVS (JCGx) | Date | February 2, 2015 |
| Title | Briana A. Keen v. Coral Reef Productions, Inc., et al | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS)    Order Denying Defendants' Motion to Dismiss First Amended Complaint (Fld 12-18-14)

     This putative class action arises out of Defendants' failure to refund the $495 membership fee paid by Plaintiff when she entered into an agreement with Defendant Coral Reef Productions, Inc. dba One Source Talent ("OST") to access information maintained by OST regarding nationwide castings and auditions. In a previous Order the Court granted Defendants' Motion to Strike Class Claims, but granted leave to replead. (Docket No. 24.) Thereafter, Plaintiff filed the FAC. (Docket No. 25.) Currently before the Court is Defendants' Motion to Dismiss all claims asserted in the FAC. (Docket No. 29.) Timely Opposition and Reply briefs were filed. (Docket Nos. 31 & 33.)

     As set forth below, the Court denies the Motion to Dismiss.

I.    Background and Claims Asserted

     A.    Factual Allegations

     On March 4, 2014, Plaintiff purchased a membership with OST, paying an initial fee of $495 and agreeing to make monthly payments of $39.95. (Compl. ¶ 35.)[1] She had second thoughts about her decision, and therefore she contacted Defendants and requested cancellation and a full refund. (¶¶ 37-38.) Defendants responded via email on March 26, 2014, agreeing to cancel the membership but refusing to refund Plaintiff's initial membership fee. (¶ 39.) The contract between the parties provided that Plaintiff could cancel the agreement by written notice given within ten business days of the later

---

[1] Otherwise undesignated paragraph references are to the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV14-00814 JVS (JCGx) | Date | February 2, 2015 |
|---|---|---|---|
| Title | Briana A. Keen v. Coral Reef Productions, Inc., et al | | |

of the contract date or the date Plaintiff began using the services under the contract. (¶ 45.)

      B.      <u>Removal of Action</u>

      Plaintiff Briana A. Keen filed the present action on April 14, 2014, in Orange County Superior Court. Pursuant to Class Action Fairness Act, Defendant OST and Defendant Anthony Toma, OST's owner and Chief Executive Officer, removed this action to this Court on May 27, 2014. <u>See</u> 28 U.S.C. § 1332(d). Plaintiff filed this action on behalf of a putative class defined as "[a]ll California residents who contracted with and paid money to Defendants for membership in [OST] on or after January 1, 2010." (¶ 6.)

      C.      <u>Class Claims</u>

      Pursuant to Defendants' Motion, in a previous Order the Court struck allegations made in the original Complaint on behalf of the class as to damages and restitution. (Docket No. 24.) The Court found that the defined class was not ascertainable, and that individual issues predominated over the issues common to the class. (<u>Id.</u> at 4-5.) However, the Court denied the Motion to Strike the class claims for declaratory and injunctive relief. (<u>Id.</u> at 6.)

      In the FAC, Plaintiff reasserts claims for declaratory and injunctive relief on behalf of the class as originally defined: "All California residents who contracted with and paid money to Defendants for membership in One Source Talent on or after January 1, 2010." (¶¶ 6-7 & n.1.) Plaintiff also identifies a subclass upon whose behalf she also asserts claims for damages and restitution: "All members of the Main Class who, according to Defendants' records, requested a refund or otherwise stated they wanted to cancel the contract or get their money back, but Defendants denied the refund." (¶ 7.)

      D.      <u>Claims Asserted</u>

      Plaintiff asserts claims pursuant to (1) California's Fee-Related Talent Services Law ("FTSL"), Cal. Labor Code §§ 1700 et seq., and (2) California's Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code §§ 17200 et seq.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV14-00814 JVS (JCGx)        Date    February 2, 2015

Title       Briana A. Keen v. Coral Reef Productions, Inc., et al

      Pursuant to these claims, Plaintiff seeks monetary damages (trebled pursuant to statute), declaratory and injunctive relief, an accounting, rescission of the relevant contracts and/or restitution, as well as attorney fees, costs, and pre- and post-judgment interest.

      E.      Current Motion

      Although styled a Motion to Dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim, the present Motion to Dismiss is in substance a Motion to Strike Class Claims.[2] Defendants acknowledge as much, and ask that in the event that the Court grants the Motion and strikes the class claims, the Court decline to exercise jurisdiction over Plaintiff's individual claims and remand this action. (See Motion at 15-16.)

II.      Motion to Strike Class Allegations

      Under Federal Rules of Civil Procedure 12(f), a court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Immaterial matters have "no essential or important relationship to the claim for relief." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 534 (1994).

      Class allegations are generally not tested at the pleadings stage and instead are usually tested after one party has filed a motion for class certification. See, e.g., Thorpe v. Abbott Labs., Inc., 534 F.Supp.2d 1120, 1125 (N.D. Cal. 2008); In re Wal-Mart Stores, Inc. Wage & Hour Litig., 505 F.Supp.2d 609, 615 (N.D. Cal. 2007). However, as the Supreme Court has explained, "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160 (1982). Thus, a court may grant a motion to strike class allegations if it is clear from the complaint that the class claims cannot be maintained. See, e.g., Sanders v. Apple, Inc., 672 F.Supp.2d 978, 990-91 (N.D. Cal. 2009).

---

      [2] At oral argument, defense counsel reiterated that the present Motion should be considered pursuant to the standards of Rule 12(b)(1) and 12(b)(6). Even if the Court were to accept this argument and apply those relevant standards, the result would be the same.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV14-00814 JVS (JCGx) | Date | February 2, 2015 |
|---|---|---|---|
| Title | Briana A. Keen v. Coral Reef Productions, Inc., et al | | |

The granting of such motions is rare before class certification. See Cholakyan v. Mercedes-Benz USA, LLC, 796 F.Supp.2d 1220, 1245 (C.D. Cal. 2011). More often, courts conclude that preemptive motions to strike class allegations "are more properly decided on a motion for class certification, after the parties have had an opportunity to conduct class discovery and develop a record." Id. (internal quotation marks and citation omitted).

III. Fee-Related Talent Services Law ("FTSL")

The FTSL regulates talent services. See, e.g., Cal. Labor Code § 1703 (regulating contracts between "artists" and "talent service[s]"). For instance, contracts between artists and talent services must be "contained in a single document that includes [the statutorily required] elements." Cal. Labor Code § 1703(d). The statutorily required elements Plaintiff alleges were lacking are the requirement that the term of the contract not exceed one year and not be automatically renewable, and the requirement that the contract contain two disclaimers in boldface type near the artist's signature: first, that the contract is not a talent agency contract, and second, that the contract contain a specified notice regarding the ten-day right of cancellation. Cal. Labor Code § 1703(a)(5) & (f); (see ¶¶ 42-45).

Where a contract fails to comply with the statutory requirements, it is voidable by the artist. Cal. Labor Code § 1703(d) ("A contract subject to this section that does not comply with subdivisions (a) to (f), inclusive, is voidable at the election of the artist and may be canceled by the artist at any time without any penalty or obligation."). A voidable contract must be distinguished from a void contract. The latter describes a document that never became a contract while the former describes a valid and enforceable contract that may nevertheless be made ineffective—may be voided—by one or more party thereto. See Rosenthal v. Great Western Financial Securities Corp., 14 Cal.4th 394, 415 (1996).

IV. Class Claims

Defendants move to dismiss the claims for declaratory relief and injunctive relief, arguing that Plaintiff Keen lacks standing and that these class claims are moot in light of changes made to the relevant contract. As to the claim for declaratory relief, Plaintiff Keen seeks "a declaration of the rights and liabilities of the parties and the . . . Class[,]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV14-00814 JVS (JCGx) | Date | February 2, 2015 |
| Title | Briana A. Keen v. Coral Reef Productions, Inc., et al | | |

including a declaration that Defendants' membership agreement is . . . voidable at the election of the member." (FAC at 22.) She also seeks injunctive relief pursuant to the UCL that "restrain[s] and enjoin[s] Defendants from continuing the acts of unlawful competition [described in the FAC] and require[s] Defendants to take affirmative measures to redress past wrongdoings.

    A.    <u>Standing</u>

In order to have Article III standing, a plaintiff must satisfy three elements: "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.</u>, 528 U.S. 167, 180-81 (2000).

Defendants challenge the second element, referred to as "traceability."[3] They do so by contending that Plaintiff Keen has not established traceability because she admitted at her deposition that she knew she had only ten days to cancel the contract. (Motion at 12-13.) Thus, in their estimation, Plaintiff Keen's injury—her failure to recover the $495 membership fee—is due to her failure to comply with the contractual terms permitting cancellation. (<u>Id.</u>) Defendants' argument overlooks that the "injury" caused to Plaintiff Keen is statutorily defined: If Defendants violated the FTSL, then the FTSL provides that the agreement between OST and Plaintiff Keen is voidable, at the election of the artist, thus entitling Plaintiff Keen to a refund of her membership fee. Thus, the injury suffered by Plaintiff Keen is fairly traceable to the alleged failure of OST to comply with the FTSL.

    B.    <u>Mootness</u>

Defendants contend that injunctive relief on behalf of the class is moot because the contract currently in use complies with the FTSL's requirements. (Motion at 14-15.) If this is found to be so, then injunctive relief compelling such compliance is not an

---

[3] Defendants also purport to challenge the third element, but they do not separately address the element of redressability. As set forth in the FAC, the claims asserted seek remedies that are likely to address the injuries allegedly suffered by the class. (<u>See</u> FAC at 23.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV14-00814 JVS (JCGx) | Date | February 2, 2015 |
| Title | Briana A. Keen v. Coral Reef Productions, Inc., et al | | |

appropriate remedy. However, the claim for injunctive relief also seeks relief regarding compelling affirmative acts to remedy past wrongs. Moreover, although prospective clients of OST may have the benefit of Defendants' compliance with the FTSL, there remains a question of whether the contracts of existing clients will continue to be automatically renewed. Although Defendants' subsequent acts may limit the scope of any injunctive relief and, indeed, may obviate the need for any such relief, the Court cannot say on the present record that the claim for injunctive relief is moot.

     Moreover, even assuming that Plaintiff Keen has disavowed future reliance on talent services agencies such as OST (see Motion at 13-14), federal courts have interpreted California consumer protection statutes in a manner to confer standing[4] upon a plaintiff who has indicated he or she will not purchase a misleadingly advertised or labeled product after learning of the misleading statements. Koehler v. Litehouse, Inc., No. CV 12-04055 SI, 2012 WL 6217635, at *6-7 (N.D. Cal. Dec. 13, 2012); Cabral v. Supple, LLC, No. EDCV 12-00085-MWF, 2012 WL 4343867, at *2 (C.D. Cal. Sept. 19, 2012); Larsen v. Trader Joe's Co., C 11-05188 SI, 2012 WL 5458396, at *3-4 (N.D. Cal. June 14, 2012); Henderson v. Gruma Corp., No. CV 10-04173 AHM (AJWx), 2011 WL 1362188, at *7-8 (C.D. Cal. Apr.11, 2011). These Courts hold that to hold "otherwise would eviscerate the intent of the California legislature in creating consumer protection statutes because it would effectively bar any consumer who avoids the offending product from seeking injunctive relief. " Koehler, 2012 WL 6217635, at *6.

V.    Subclass Claims

     Defendants also move to dismiss the claims for damages and restitution brought by the subclass. Plaintiffs' restated definition of the class as a subclass eliminates the concerns discussed in the previous Order. By limiting the claims for damages to those "members of the Main Class who, according to Defendants' records, requested a refund or otherwise stated they wanted to cancel the contract or get their money back" (¶ 7), Plaintiff has potentially identified an ascertainable class. Plaintiff has identified a subclass that are highly likely to wish to exercise a right to void their contracts and that

---

    [4] Although these cases address standing rather than mootness, their rationale applies with equal force here. See Laidlaw, 528 U.S. at 170 (describing the overlap between the concepts of mootness and standing by explaining that "mootness [is] the doctrine of standing set in a time frame") (internal quotation marks and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV14-00814 JVS (JCGx) | Date | February 2, 2015 |
| Title | Briana A. Keen v. Coral Reef Productions, Inc., et al | | |

may be identified through Defendants' own records. Thus, the Court can no longer conclude (at the pleadings stage) that the defined subclass is not ascertainable.

The same is true regarding predominance. Although upon a fuller record the Court may conclude otherwise, the Court can no longer conclude at the pleadings stage that individualized issues will necessarily predominate over common issues.

VI. Conclusion

For the reasons set forth herein, the Court denies the Motion to Dismiss.

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |