1
2
3
4
5
6
7
8

JS-6

9

**UNITED STATES DISTRICT COURT,**

10

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 11  BRIANA A. KEEN, on behalf of | ) Case No. 8:14-cv-00814-JVS-JCG |
| 12  herself and all persons similarly | ) Complaint filed April 14, 2014 |
|      situated, | ) |
| 13 | ) |
|      Plaintiff, | ) |
| 14 | ) **Class Action** |
| 15  v. | ) |
| 16 | ) **ORDER GRANTING** |
| 17  CORAL REEF PRODUCTIONS, | ) **FINAL APPROVAL OF** |
|      INC., ANTHONY TOMA, and | ) **CLASS ACTION SETTLEMENT** |
| 18  Does 1 through 100 inclusive, | ) **ENTRY OF FINAL JUDGMENT** |
| 19 | ) |
| 20 | ) Hearing Date: June 6, 2016 1:30 pm |
|      Defendants. | ) Department 10C |
| 21 | ) Hon. James V. Selna, District Judge |

22  TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

23          Before the Court is Plaintiff's Rule 23 motion for final approval of class

24  action settlement and entry of final judgment.  Defendants did not oppose

25
26  Plaintiff's motion and no Settlement Class Members objected to the

27  Settlement.  Having read the papers submitted in support of and any

28
_____1_____

opposition to the motion, and good cause appearing therefor, IT IS HEREBY ORDERED that the motion for final approval and entry of final judgment is granted as set forth below.

1. This Order and Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Agreement.

2. For purposes of the Action, the Court has subject matter and personal jurisdiction over the Settling Parties, including all Settlement Class Members.

3. The Court previously granted conditional certification of the following classes.  The Main Class is defined as follows: "All California residents who contracted with and paid money to Defendants for membership in One Source Talent between April 14, 2010 and May 31, 2015."  The Refund Subclass is defined as follows: "All members of the Main Class who, according to Defendants' records, requested a refund or otherwise stated they wanted to cancel the contract or get their money back but Defendants denied the refund."

4. The Court now finds that final certification of these aforementioned classes should be granted pursuant to Rule 23 (a) and (b)(3) because (a) the Settlement Classes are ascertainable and so numerous that joinder of

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT—8:14-CV-00814-JVS-JCG

all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Classes; (c) the claims of Representative Plaintiff Briana Keen are typical of those of the Classes; (d) Representative Plaintiff Keen and Representative Plaintiffs' Counsel have fairly and adequately represented and protected the interests of the Settlement Classes; (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy; and (f) the common questions of law and fact predominate over any individual questions.

5. Excluded from the Settlement Classes are: (a) all members who are or were during the above class period employees of Defendants; and (b) all persons who exclude themselves from the class settlement under the procedures set forth in paragraph 45 of the Settlement Agreement. However, the Court finds that no class member elected to exclude himself from the classes.

6. The Court acknowledges that Defendants would not have entered into the Settlement without adequate assurance that the status quo would be preserved in the event that the Settlement is not approved, the approval of the Settlement is reversed on appeal or the Effective Date is not reached for any reason, Defendants shall not be estopped or otherwise precluded

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT—8:14-CV-00814-JVS-JCG

from moving to decertify the class or otherwise defend against the Action.

7. The Court finds that the approved Class Notices were emailed, mailed and posted on the required Internet websites as directed in the Preliminary Approval Order.  The Court previously found and now reaffirms its finding that that emailing of the Short Form Notice (exhibit 3 to the Settlement Agreement) to the last known email addresses of the Main Class Members, combined with mailing the Long Form Notice (exhibit 2 to the Settlement Agreement but revised per the Court's tentative ruling) to the last known street address of the Main Class Member, should any email address prove to be invalid, combined with the publication on the Internet of the Notice, meets the requirements of Rule 23 (c) (2) and due process.  Similarly, The Court previously found and now reaffirms its finding that mailing the Long Form Notice to the last known street address of the Main Class Member, combined with the publication on the Internet of the Notice, meets the requirements of Rule 23 (c) (2) and due process. The foregoing methods are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled to such Notice.

8. The deadline for any class member to request exclusion (opt-out) was April 25, 2016.  No class member has requested exclusion.

ORDER GRANTING FINAL APPROVAL OF CLASS      ACTION SETTLEMENT AND ENTRY OF FINAL
JUDGMENT—8:14-CV-00814-JVS-JCG

9. The deadline to file an objection is May 23, 2016. No class member filed an objection.

10.     The Court now grants final approval of the Settlement pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure because it is fundamentally fair, adequate, and reasonable to those it affects; it resulted from vigorously contested litigation, discovery and motion practice and extensive good-faith arm's length negotiations between the parties; and it is in the public interest. In making this determination, the Court has considered and balanced several factors, including the following factors identified by the U.S. Court of Appeals for the Ninth Circuit:

(1) the strength of the plaintiff's case;

(2) the risk, expense, complexity, and likely duration of further litigation;

(3) the risk of maintaining class action status throughout the trial;

(4) the amount offered in settlement;

(5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel;

(7) the presence of a governmental participant; and

(8) the reaction of the class members to the proposed settlement.

11. The required CAFA notices were mailed to state and federal authorities and there has been no response. There is no government participant in

ORDER GRANTING FINAL APPROVAL OF CLASS     ACTION SETTLEMENT AND ENTRY OF FINAL
JUDGMENT—8:14-CV-00814-JVS-JCG

this litigation.

12. The Court, having granted final approval to the Settlement, now directs the Parties to consummate the Agreement in accordance with its terms.

13. The Court previously approved, as to form and content, the Claim Form and Reactivation Notice, exhibits 4 and 5 respectively, to the Settlement Agreement. The deadline for Main Class members to submit a claim was April 25, 2016. The Court finds that 787 persons submitted timely Claim Forms and one person submitted a late Claim Form, which is deemed timely, for a total of 788 valid claims.

14. Pursuant to the Settlement Agreement, the Settlement Administrator is directed to mail each claimant's share of the Gross Settlement Fund within 45 days. The Settlement Administrator is directed to pay each class member who made a valid claim his or her share of the Gross Settlement Fund within 45 days.

15. The Court directs Defendants to email the Reactivation Notice to each Main Class member forthwith except that with respect to those Main Class members without a functioning or valid email address, the Reactivation Notice shall be sent by United States mail to the last known address of the class member. The Reactivation Notice shall also be emailed 10 days after the first sending, 20 days after the first sending and 30 days after the first

ORDER GRANTING FINAL APPROVAL OF CLASS      ACTION SETTLEMENT AND ENTRY OF FINAL
JUDGMENT—8:14-CV-00814-JVS-JCG

sending, for a total of four times.  Once a class member has claimed his free membership it is unnecessary to continue to send him or her additional Reactivation Notices.

16. Defendants shall pay provide the free membership services as specified in the Settlement to members of the Main Class for a period of three months commencing upon "reactivation." This membership shall be in Nine9, the rebranded name of One Source Talent and shall be equivalent to the pay membership available to the public.

17. The Court directs the Settlement Administrator to mail to each member of the Refund Class a check for $500 along with a cover letter explaining the purpose of the payment.  The payments shall be mailed within 45 days. The Settlement Administrator is directed to pay each member of the Refund Class from the Gross Settlement Fund within 45 days.

18.    Any payments to class members which are not deliverable or which are not negotiated will be submitted to the State Controller's Office pursuant to law as unclaimed property. There will be no reversion to Defendant

19. The Court finds that Plaintiff Briana Keen has performed the duties of a class representative with the required level of diligence and loyalty, has expended significant time (at least 60 hours) assisting in the prosecution of the lawsuit, and therefore is entitled to receive an incentive award.  The

ORDER GRANTING FINAL APPROVAL OF CLASS    ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT—8:14-CV-00814-JVS-JCG

Court finds that $6,000 would be an appropriate award in this case. The Settlement Administrator is directed to pay Briana Keen $6,000 from the Gross Settlement Fund within 45 days.

20.   The Settlement Administrator is ordered to mail a check payable to Plaintiff to her counsel's law office within 45 days.

21. The Settlement provides for payment of up to $300,000 to Class Counsel as attorney's fees and up to $10,500 in costs and expenses in the Action, subject to the Court's approval. Defendants have agreed to pay fees, costs and expenses in those amounts in addition to the benefits otherwise payable to the Settlement Class Members under the terms of the Stipulation.

22.   Class Counsel have requested an award of $300,000 by way of attorney's fees in this matter. The Court finds the value of the cash and non-cash (free service) components of the settlement is $1,143,820. The Court finds that the fees should be calculated using the benchmark 25% of the settlement value approach approved in the Ninth Circuit, and that there is no reason for an upward or downward revision to that benchmark. Class Counsel have agreed as part of the settlement to limit their fee request to $300,000, representing approximately 26.2% of the settlement award.

ORDER GRANTING FINAL APPROVAL OF CLASS       ACTION SETTLEMENT AND ENTRY OF FINAL
JUDGMENT—8:14-CV-00814-JVS-JCG

23.   The Court has also applied the lodestar approach as a cross-check to the fees that would be awarded using the benchmark approach.   Class Counsel have submitted contemporaneous time records showing that as of May 9, 2016 (and therefore not counting any work done thereafter including with respect to appearing for this hearing), they have expended 438 hours in the successful prosecution of this lawsuit.

24.   The Court finds that both attorneys Jeffrey Wilens and Jeffrey Spencer have experience in prosecuting class actions, and that Mr. Wilens is a 30-year attorney and Mr. Spencer is a 20-year attorney.   Both attorneys are seeking to be compensated at the hourly rate of $700 and they have presented evidence of their experience and qualifications as well as a recent court order from Alameda County approving compensation for them at $700 per hour.   The Court is familiar with the prevailing market rate for attorneys handling complex litigation matters in the Central District who have comparable levels of experience and finds that $700 is consistent with that rate.   Therefore, the Court approves the hourly rate of $700 for attorney Jeffrey Wilens and $700 for attorney Jeffrey Spencer.

25.   Accordingly, and in light of the cap on attorney's fees specified in the Settlement, the Court hereby awards Class Counsel $300,000 in attorney's fees to be allocated pursuant to their existing arrangements.

ORDER GRANTING FINAL APPROVAL OF CLASS     ACTION SETTLEMENT AND ENTRY OF FINAL
JUDGMENT—8:14-CV-00814-JVS-JCG

26.     In addition, the Court finds that Class Counsel have expended $8,705 in reasonable litigation expenses and they shall be reimbursed in that amount.

27.     The Settlement Administrator, CPT Group, Inc. may reimburse itself actual fees and costs not to exceed $21,500 from the Gross Settlement Fund.

28.     The Settlement Administrator is directed to pay Class Counsel the specified attorney's fees and costs reimbursement from the Gross Settlement Fund within 45 days.

29.     The Effective Date of the Settlement is the date of entry of this final judgment.

30.     As of the Effective Date, Plaintiff and each Settlement Class member acknowledges full satisfaction of all Settled Claims (as defined below), and fully, finally and forever release, settle and discharge Defendants, their present and former parents, stockholders, investors, subsidiaries, affiliates, predecessors, and successors and their present and former officers, directors, insurers, employees, agents, heirs, spouses, personal representatives, contractors, and attorneys (collectively, the "Released Persons") from all Settled Claims, known and unknown.

31. For this Settlement, "Settled Claims" means and includes any and all

ORDER GRANTING FINAL APPROVAL OF CLASS    ACTION SETTLEMENT AND ENTRY OF FINAL
JUDGMENT—8:14-CV-00814-JVS-JCG

claims, demands, rights, liabilities and causes of action, including but not limited to those for alleged violation FTSL or UCL, which relate in any way to their membership with One Source Talent during the Class Period and/or which were alleged in the Second Amended Complaint.

32.     "Settled Claims" includes no other claim related to the Class Member's use of the One Source Talent service, to any personal injury or bodily injury claim related to use of the website, or to any claim arising after the deadline to request exclusion (April 25, 2016).   However, with respect to Plaintiff, "Settled Claims" include all claims, demands, rights, liabilities and causes of action that Plaintiff could have asserted as of the date this Agreement is fully executed.

33.     By the Effective Date, Plaintiff waives and relinquishes, to the fullest extent permitted by law and subject to the foregoing provisions, the benefits of California Civil Code § 1542 and all similar state or federal statutes or rules of law.  California Civil Code § 1542 provides: "**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor**."

34.     Without affecting the finality of this Judgment in any way, this Court

retains jurisdiction over (a) implementation of the Settlement and the terms of the Agreement; (b) distribution of the cash and non-cash compensation to class members, the incentive award to Plaintiff, and the attorney's fees and costs reimbursement; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Agreement and the Settlement, and the administration of Claims submitted by Settlement Class Members. The time to appeal from this Judgment shall commence upon its entry.

35.    Notwithstanding the reservation of jurisdiction in Paragraph 35, this is a final and appealable judgment that ends the litigation of all claims alleged in this Action.  The Clerk is directed to enter this Judgment forthwith.

**DATED: June 09, 2016**                    by _____
                                            James V. Selna, District Judge
                                            United States District Court

ORDER GRANTING FINAL APPROVAL OF CLASS       ACTION SETTLEMENT AND ENTRY OF FINAL
                            JUDGMENT—8:14-CV-00814-JVS-JCG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER GRANTING FINAL APPROVAL OF CLASS     ACTION SETTLEMENT AND ENTRY OF FINAL
JUDGMENT—8:14-CV-00814-JVS-JCG